UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:14-PO-0131-JTR-1 |
| Plaintiff, | |
| | ORDER DENYING DEFENDANT'S |
| v. | MOTION TO DISMISS |
| SETH J. BAGLEY, | |
| Defendant. | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss.  ECF No. 18.  Defendant is represented by Meredith B. Esser, Assistant Federal Defender.  The United States is represented by Aaron Young, Legal Intern, and Tyler Tornabene, a supervising United States Attorney.  Defendant Bagley appears in response to a citation alleging a violation of 41 C.F.R. § 102-74.400, proscribing possession of narcotics on federal property.

Defendant moves to dismiss the case, arguing in substance that he has been charged because he possessed a pipe, but that such is not against federal law. Defendant asserts "Mr. Bagley's conduct is not covered by the statute at issue," ECF No. 18 at 3, and that "[t]he criminal citation fails to state an offense against the United States because mere possession of a pipe is not a federal offense," ECF No. 18 at 4.  This is construed as a motion to dismiss for failure to allege conduct which constitutes a crime.  Alternatively, it may be construed as a motion to

ORDER . . . - 1

dismiss because the complaint does not establish probable cause that Defendant possessed narcotics on federal property.

The Court finds Defendant is charged with a federal offense and the United States has established probable cause to proceed to trial, and therefore denies the instant motion to dismiss.

The parties have not agreed upon any additional relevant facts. Therefore, the Court considers only the citation and incorporated declaration. ECF No. 1. The first page of the charging document names Defendant and specifies, inter alia: "42 CFR 102-74.400 Possession of Narcotics (Marijuana)." ECF No. 1. The "Statement of Probable Cause" on the following page indicates as follows:

> I state that on May 20, 2014 while exercising my duties as a law enforcement officer in the Eastern District of Washington on Monday 05/20/2014 at approximately 1203 hours Bagley entered the Social Security Administration office located at 714 North Iron Bridge Way Spokane WA 99202. During an administrative search for weapons a PSO found Bagley in possession of a pipe with burnt residue that he believed was marijuana. Based on my training and experience I recognized the odor of the burnt residue as marijuana. I conducted a field test on the burnt residue and it tested positive for marijuana. For more information refer to FPS report NO: D14005094
>
> The foregoing statement is based upon:
>
> x My personal observation          x My personal investigation
> x Information supplied to me from my fellow officer's observation
>
> . . .
>
> I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.
>
> Executed on 5/27/2014     /s/ Ivan P. Keaeona

ECF No. 1.

ORDER . . . - 2

The Due Process Clause of the Fourteenth Amendment requires that a criminal citation serve two purposes; (1) provide defendant notice of the specific crime her or she is accused of and (2) allege facts supporting probable cause sufficient to formally charge and initiate the adjudicative process. *In re Winship*, 397 U.S. 358, 361-364 (1970); *In re Gault*, 387 U.S. 1, 31-34 (1967) ("Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must set forth the alleged misconduct with particularity." (internal quotation omitted)).

This citation provides clear notice of the statute allegedly violated, both with a numerical citation to the specific title and section of the regulation, and names the specific narcotic allegedly possessed on federal property.

The accompanying declaration, made under penalty of perjury and presumed to be true for purposes of proceedings at this stage, allege specific facts regarding the elements of Mr. Bagley's dominion and control of a detectable amount of what has been defined as a "narcotic" under federal law, occurring on federal property, setting out "a reasonable ground for belief of guilt" that meets the probable cause test.

Further proceedings may yet transpire, at which some of the above may be disproven, or additional facts established, all of which will be compared anew to the higher "reasonable doubt" standard. However, at this stage of the proceeding, the Court finds the United States has established probable cause to proceed. Accordingly,

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss, **ECF No. 18**, is **DENIED**.  The matter is continued to the next petty offense docket set for January 20, 2015, at 3:00 p.m.

///

///

ORDER . . . - 3

1     **IT IS SO ORDERED**.  The District Court Executive shall enter this order

2   and furnish copies to counsel and Defendant.

3          DATED January 12, 2015.

4

5    _____

6                                    JOHN T. RODGERS
                                UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER . . . - 4